UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION and NATIONAL ASSOCIATION,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>MICHAEL W. SIMS, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 5:13-cv-03675-PSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>**(Re: Docket No. 5)** |

On August 8, 2013, Defendant Michael W. Sims ("Sims") removed this case from Santa Clara County Superior Court. Plaintiffs U.S. Bank National Association, as Trustee for Successor in Interest to Wachovia Bank and National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR16 (collectively, "Plaintiffs") brought an unlawful detainer action against Defendants in state court, and Defendants removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1441. The parties consent to magistrate judge jurisdiction.[1]

Federal courts are limited in their jurisdiction to either (1) diversity cases where citizens of two different states have a dispute involving an amount in controversy that exceeds $75,000 or

---

[1] *See* Docket Nos. 12 and 14; *see also* 28 U.S.C. § 636.

1

Case No.: 5:13-cv-03675-PSG
ORDER

(2) federal question cases where the cause of action – not the defense – "arises under" federal law.[2] Defendants have not alleged that the cause of action pled in the complaint – unlawful detainer – arises under federal law. Nor could they. Instead, Defendants removed this case on diversity grounds, but have not filed a responsive pleading to Plaintiffs' motion to remand that might establish Defendants' diversity of citizenship from Plaintiffs.

Even if there is complete diversity, removal based on diversity jurisdiction is not permitted where one of the defendants is a local defendant, i.e. a citizen of the state in which the action is brought.[3] This court, therefore, lacks subject matter jurisdiction to hear the case.

The court hereby ORDERS that this case is remanded to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: October 7, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[2] See 28 U.S.C. § 1331; *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908).

[3] See 28 U.S.C. § 1441(b) ("Any other action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

2
Case No.: 5:13-cv-03675-PSG
ORDER